CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
April 15, 2024
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **LEVI G. SPRINGER,** ) | |
| Plaintiff, ) | Case No. 7:24-cv-00193 |
| ) | |
| v. ) | |
| ) | By: Michael F. Urbanski |
| **VIRGINIA DEPARTMENT OF** ) | Chief United States District Judge |
| **CORRECTIONS, et al.,** ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Levi G. Springer, a Virginia inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983 against the Virginia Department of Corrections (VDOC) and more than thirty individual defendants, including correctional and judicial officials. Prior to bringing this action, Springer filed at least three actions that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.* Therefore, under the three-strikes provision of the Prison Litigation Reform Act, Springer may not proceed with this action unless he either prepays the entire filing fee or shows that he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Because Springer has not satisfied either requirement, the court will dismiss the action without prejudice.

---

* See Springer v. Clarke, No. 12-6100, 2012 U.S. App. LEXIS 27191 (4th Cir. Apr. 11, 2012) (denying leave to proceed without prepayment of fees) (citing Springer v. Shaw, No. 1:09-cv-1339, 2010 U.S. Dist. LEXIS 146125 (E.D. Va. Jan. 4, 2010); Springer v. Reid, 1:10-cv-01392, 2011 U.S. Dist. LEXIS 158329 (E.D. Va. Feb. 14, 2011; and Springer v. Reid, No. 1:10-cv-01445, 2011 U.S. Dist. LEXIS 158328 (E.D. Va. Feb. 14, 2011)); see also Springer v. Anderson, No. 7:22-cv-00663, 2022 U.S. Dist. LEXIS 214593, at *3 (W.D. Va. Nov. 29, 2022) (Jones, J.) (concluding that Springer qualified as a three-striker as a result of having had at least three prior cases or appeals dismissed as frivolous, malicious, or for failure to state a claim).

## I.     Background

Springer is currently incarcerated at Red Onion State Prison (Red Onion). He was previously incarcerated at Wallens Ridge State Prison (Wallens Ridge) and River North Correctional Center (River North). Springer's lengthy complaint and the separately-filed attachments contain a broad array of allegations, including the following: that his anti-psychotic medications were discontinued after being transferred from Wallens Ridge to River North in August 2022; that he should have been transferred to a mental health unit in accordance with a recommendation made by Dr. Everett McDuffie in May 2020; that a steroid medication prescribed by an eye doctor in April 2022 was discontinued after he was transferred to River North; that he has been on a waiting list to see an eye doctor since the end of 2022; that he is currently housed on the bottom tier at Red Onion but worries that this could change without the issuance of a medical pass by a physician; that he was denied physical therapy at Wallens Ridge and River North; that a previous § 1983 action arising from events at River North was improperly dismissed by another judge of this court; that he has been denied access to mail while housed at Red Onion; and that prison officials have monitored or blocked telephone calls. See Compl., ECF No. 1; Compl. Attach., ECF No. 6; Add'l Evid., ECF No. 8.

Springer signed the complaint on March 13, 2024. In his request for relief, Springer seeks to recover compensatory and punitive damages. He also seeks injunctive relief in the form of a "medical [and] mental health care transfer." Compl. at 46.

## II. Discussion

"[T]he Prison Litigation Reform Act of 1995 (PLRA) established what has become known as the three-strikes rule." Lomax v. Ortiz-Marquez, 590 U.S. ___, 140 S. Ct. 1721, 1723 (2020). The rule provides that a prisoner like Springer, who has had three or more civil actions dismissed as frivolous, malicious, or for failure to state a claim, may not bring another civil action without prepayment of the filing fee unless he shows that he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). "The plain reading of the statute requires that the 'imminent danger' exist contemporaneously when the action is filed." Hall v. United States, 44 F.4th 218, 224 (4th Cir. 2022). Thus, to trigger the exception to the three-strikes rule, an inmate must "allege[] sufficient and specific facts establishing that he or she is in imminent danger of serious physical injury at the time of filing." Id. An inmate must also "allege sufficient facts to demonstrate a nexus between the claims presented and the imminent danger alleged." Id. at 230. "Vague, speculative, or conclusory allegations are insufficient to invoke the exception of § 1915(g)." Johnson v. Warner, 200 F. App'x 270, 272 (4th Cir. 2006). Likewise, while "past danger or past threats of danger may be considered in evaluating whether the danger is imminent at the time of filing[,] . . . past allegations of danger or threats of harm on their own are insufficient to satisfy the exception." Hall, 44 F.4th at 224 (emphasis in original).

Having reviewed the pleadings, the court concludes that Springer has failed to allege facts sufficient to satisfy the imminent-danger exception. Many of his claims are based on incidents that occurred in the past at River North and Wallens Ridge, including the discontinuation of medications prescribed for his mental health issues and the complete denial

3

of physical therapy for an unspecified shoulder condition. Notably, however, Springer does not allege that these problems are ongoing or that they currently pose a risk of severe bodily harm. To the contrary, Springer acknowledges that he has undergone physical therapy at Red Onion and that he is currently prescribed medications for his mental health conditions. He also acknowledges that he is currently housed on the bottom tier of his housing unit as a result of his physical limitations. Although Springer fears that this could change without a medical pass issued by a physician, speculative allegations of potential future injury are insufficient to satisfy the imminent-danger exception. Johnson, 200 F. App'x at 272; see also Johnson v. Schad, No. 23-1636, 2023 U.S. App. LEXIS 30659, at *3 (6th Cir. Nov. 16, 2023) (holding that an inmate's allegation of potential future injury if he were to fall from a top bunk were too speculative to satisfy the exception). To the extent that Springer complains about having to wait more than a year to see an eye doctor, he does not allege "sufficient and specific facts establishing that he . . . is in imminent danger of serious physical injury" as a result of the delay. Hall, 44 F.4th at 224; see also id. at 227 (noting that a "physical injury is 'serious' for purposes of § 1915(g) if it has potentially dangerous consequences such as death or severe bodily harm") (citation omitted) (emphasis in original). The same is true for the alleged denial of access to the mail or telephone at Red Onion. Springer does not plausibly allege that he faces imminent danger as a result of the actions of which he complains.

### III. Conclusion

For these reasons, the court concludes that Springer's allegations are insufficient to satisfy the imminent-danger exception to the three-strikes rule. Because Springer has not prepaid the filing fee or demonstrated that he is under imminent danger of serious physical

injury, the court will dismiss the action without prejudice pursuant to 28 U.S.C. § 1915(g). An appropriate order will be entered.

Entered: April 15, 2024

Michael F. Urbanski
Chief U.S. District Judge
2024.04.15 11:02:10 -04'00'

Michael F. Urbanski
Chief United States District Judge

5