CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
June 14, 2024
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| LEVI G. SPRINGER, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>)<br>VIRGINIA DEPARTMENT OF )<br>CORRECTIONS, et al., )<br>    Defendants. ) | Case No. 7:24-cv-00193<br><br><br><br>By: Michael F. Urbanski<br>Chief United States District Judge |

## ORDER

Levi G. Springer, a Virginia inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983 against the Virginia Department of Corrections and more than thirty individual defendants, including correctional and judicial officials. Prior to bringing the action, Springer filed at least three actions that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. Because Springer did not prepay the filing fee or demonstrate that he is under imminent danger of serious physical injury, the court dismissed the action without prejudice pursuant to 28 U.S.C. § 1915(g). See ECF Nos. 11, 12. Springer subsequently filed a motion for preliminary injunctive relief, which the court construes as a motion for reconsideration. ECF No. 15. For the reasons set forth below, the motion is **DENIED**.

Because Springer signed the motion within 28 days of the entry of the dismissal order, the motion is properly evaluated under Federal Rule of Civil Procedure 59(e). See MLC Auto., LLC v. Town of S. Pines, 532 F.3d 269, 277 (4th Cir. 2008) ("[I]f a post-judgment motion is filed within [the time period prescribed by Rule 59(e)] and calls into question the correctness of that judgment it should be treated as a motion under Rule 59(e), however it may be formally

styled.") (internal quotation marks omitted). Rule 59(e) "gives a district court the chance 'to rectify its own mistakes in the period immediately following' its decision." Banister v. Davis, 590 U.S. 504, 508 (2020) (quoting White v. New Hampshire Dep't of Emp. Sec., 455 U.S. 445, 450 (1982)). Importantly, however, the Rule "may not be used to relitigate old matters, or to raise arguments . . . that could have been raised prior to the entry of judgment." Exxon Shipping Co. v. Baker, 554 U.S. 471, 486 n.5 (2008) (internal quotation marks and citation omitted). Instead, "[a] Rule 59(e) motion may only be granted in three situations: '(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.'" Mayfield v. NASCAR, 674 F.3d 369, 378 (4th Cir. 2012) (quoting Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007)). "It is an extraordinary remedy that should be applied sparingly" and only in "exceptional circumstances." Id.

Having reviewed the record, the court concludes that Springer is not entitled to relief under Rule 59(e). Springer does not point to any change in controlling law or identify any new evidence that was not previously available. Nor does he identify any clear error in the court's decision. While Springer may disagree with the court's decision to dismiss the case under § 1915(g), "mere disagreement does not support a Rule 59(e) motion." Hutchinson v. Staton, 994 F.2d 1076, 1082 (4th Cir. 1993).

For these reasons, it is hereby **ORDERED** that Springer's motion, ECF No. 15, is **DENIED**. The Clerk shall send a copy of this order to Springer.

It is so **ORDERED**.

Entered: June 14, 2024

Michael F. Urbanski
Chief U.S. District Judge
2024.06.14 09:41:44
-04'00'

Michael F. Urbanski
Chief United States District Judge

3